## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

MONICA HENDRICKS                          CIVIL ACTION NO. 20-1641

VERSUS                                    JUDGE ELIZABETH E. FOOTE

PRIDE INDUSTRIES INC., ET AL              MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Before the Court is a motion to dismiss, filed by Defendants Todd Grundy ("Grundy"), Dashaun Jones ("Jones"), Michael Sanders ("Sanders"), Amanda Apodaca ("Apodaca"), and Ross Whitaker ("Whitaker"). Record Document 18. Because the Plaintiff cannot establish a cause of action against these individual Defendants under the governing statutes, the Defendants' motion is granted.[1]

I.      Background

Plaintiff Monica Hendricks ("Hendricks") suffers from obsessive-compulsive disorder, anxiety, and menorrhagia. Record Document 1. Between 2018 and 2019, she worked for the Defendant PRIDE Industries ("PRIDE") at the Barksdale Airforce Base Commissary. Id. Hendricks alleges that from the first day of her employment at PRIDE, she was subjected to harassment and discrimination from other employees and her job coach, and she asserts that PRIDE supervisors failed to respond accordingly. Id.

Hendricks filed the instant action against PRIDE and the five individual Defendants set forth above (Grundy, Jones, Sanders, Apodaca, and Whitaker) who were either her

---

[1] The Plaintiff's claim against Defendant PRIDE Industries is not addressed in, and is therefore unaffected by, this ruling.

co-workers or supervisors during her tenure at PRIDE.  Hendricks asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  In the instant motion to dismiss, the individual Defendants argue that neither Title VII nor the ADA provide a cause of action against a co-worker or individual supervisor, and therefore Hendricks's claims against them must be dismissed.  Hendricks did not respond to the motion to dismiss, and thus it is deemed unopposed.

II.    Law and Analysis

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In determining whether a complaint states a plausible claim, a court must construe the complaint in the light most favorable to the plaintiff, see In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, see Twombly, 550 U.S. at 555; In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, this Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) (citing Southland Sec. Corp. v. INSpire Ins. Sols, Inc., 365 F.3d 353, 361 (5th Cir. 2004)).

2

Here, the Defendants' motion argues that they are statutorily shielded from liability because they were not Hendricks's employers when she worked at PRIDE.  To survive the motion to dismiss, Hendricks does not have to prove her case but because she sues under statutes applicable to "employers," she must show the Defendants were her employer to state a claim for relief.

Title VII makes it unlawful for an employer to discriminate against an individual based on his or her sex, race, national origin, color, or religion.  42 U.S.C. § 2000e–2(a)(1). However, "[T]itle VII does not permit the imposition of liability upon individuals unless they meet [T]itle VII's definition of 'employer.'" Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994). A Title VII "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e (emphasis added). It may be tempting to read this provision to render supervisors, who under the law of agency are an employer's "agents," as employers for Title VII purposes. Nevertheless, the Fifth Circuit has held "illogical" a "reading that would require us to treat some employees as both an employer and an employee." Grant, 21 F.3d at 653.  In short, "Title VII does not impose personal liability on individuals." Chehl v. S. Univ. & Agr. Mech. Coll., 34 F. App'x 963, *1 (5th Cir. 2002).  Said another way, an employee may not be held personally liable for damages under Title VII. Ackel v. Nat'l Commc'n, Inc., 339 F.3d 376, 381 n.1 (5th Cir. 2003).

In the instant case, none of the individual Defendants personally employed Hendricks.  Rather, PRIDE was Hendricks's employer at all relevant times.  Hendricks does

not dispute this.  Accordingly, the individual Defendants cannot be deemed an "employer" under Title VII, and Hendricks's Title VII claim against them must be dismissed.

"The American with Disabilities Act is an antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying employment opportunities available to persons without disabilities." Seaman v. CSPH, Inc., 179 F.3d 297, 300 (5th Cir. 1999).  It bars discrimination against a qualified individual because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Id.  The ADA's definition of "employer" parallels Title VII's: "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5). Latching on to this parallel, courts within the Fifth Circuit routinely find that co-workers and supervisors are not individually liable for ADA violations.[2] See Dunn v. Folgers Coffee Co., 2022 WL 226333 (E.D. La. Jan. 26, 2022); Dunlap v. Fort Worth Indep. Sch. Dist., 2021 WL 6503710 (N.D. Tex. Dec. 15, 2021); Golden v. City of Longview, 2021 WL 3829126 (E.D. Tex. Aug. 4, 2021); Coon v. Richland Par. Tax Comm'n, 2019 WL 2403000 (W.D. La. June 4, 2019); Franklin v. City of Slidell, 936 F. Supp. 2d 691, 703 (E.D. La. 2013); and Frazier v. Radio Shack Corp., 2012 WL 359716 (M.D. La. Feb. 2, 2012). This Court finds that the ADA's definition of "employer" must be interpreted in the same manner as Title VII's definition. As such, Hendricks's co-workers and supervisors cannot be individually liable under the ADA. Her ADA claim against the individual Defendants must be dismissed.

---

[2] The Fifth Circuit has not expressly reached this holding.

III.   <u>Conclusion</u>

As set forth above, the individual Defendants are shielded from liability under Title VII and the ADA because they are not employers pursuant to the respective statutory definitions.  Because the individual Defendants cannot be liable for the claims as a matter of law, the claims against them must be dismissed.  Even if Hendricks desired to amend the complaint, which she has not sought to do, any amendment of those claims would be futile. Thus, the motion to dismiss [Record Document 18] be and is hereby **GRANTED**, and Hendricks's Title VII and ADA claims against the individual Defendants are **DISMISSED WITH PREJUDICE**.  The individual Defendants are terminated as parties to this proceeding.

**THUS DONE AND SIGNED** this 26th day of February, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE